## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DARRELL L. FARMER,

      Petitioner,

      v.                                         CASE NO. 20-3094-SAC

DAN SCHNURR, Warden,
Hutchinson Correctional Facility,

      Respondent.

## ORDER TO SHOW CAUSE

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2254. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  For the reasons that follow, the Court directs Petitioner to show cause why this matter should not be dismissed.

**Background**

Petitioner was convicted in 2003 in the district court of Montgomery County of first-degree felony murder, criminal discharge of a firearm at an occupied vehicle, aggravated burglary, aggravated battery, and aggravated assault.  Petitioner appealed his convictions and sentences, and the Kansas Supreme Court affirmed on February 1, 2008.  *State v. Farmer*, 285 Kan. 541, 175 P.3d 221 (Kan. 2008).  On August 19, 2008, Petitioner filed a petition for writ of habeas corpus in this Court.  *See Farmer v. Cline*, Case No. 08-3210-KHV-JPO (D. Kan.).  The habeas petition was dismissed without prejudice on February 19, 2009.

In January 2009, Petitioner filed a state habeas action, which was denied on July 17, 2012.   Petitioner appealed the denial of his state habeas.  *See Farmer v. State*, 326 P.3d 1090 (Table), 2014 WL 2871314 (Kan. Ct. App. June 20, 2014).  The Kansas Court of Appeals

affirmed in part, reversed in part, and remanded for an evidentiary hearing on Petitioner's claim of ineffective assistance of counsel to address why an involuntary intoxication defense and jury instruction were not pursued.  *Id*. at *6.   On remand, the Montgomery County District Court rejected Petitioner's claim that he was ineffectively represented during the jury trial.  *See Farmer v. State*, 401 P.3d 175 (Table), 2017 WL 3327142 (Kan. Ct. App. Aug. 4, 2017).  The Kansas Court of Appeals affirmed the district court on August 4, 2017.  *Id*.

On August 17, 2017, Petitioner filed a pro se motion to correct sentence.  *See State v. Farmer*, No. 02-CR-283, Montgomery County District Court.  The matter is currently pending on appeal before the Kansas Supreme Court.  *See State v. Farmer*, Case No. 121534 (docket showing appellee brief due May 6, 2020) (Kan. Sup. Ct.).  Petitioner filed his current Petition for writ of habeas corpus on March 26, 2020.

**Discussion**

A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. *See* 28 U.S.C. § 2254(b)(1); *see also Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) ("A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition.").  Because Petitioner's state criminal case is pending on appeal, he should show good cause why his Petition should not be dismissed without prejudice to refiling after his state criminal matter is resolved.

**IT IS THEREFORE ORDERED THAT** Petitioner is granted until **May 18, 2020,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why his Petition should not be dismissed without prejudice to refiling after his state criminal matter is resolved.

**IT IS SO ORDERED**.

**Dated April 23, 2020, in Topeka, Kansas.**


**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**