## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DARRELL L. FARMER,

      *Petitioner,*

  vs.

DAN SCHNURR,
*Warden, Hutchinson Correctional Facility*,

      *Respondent.*

Case No. 20-3094-EFM

## MEMORANDUM AND ORDER

In 2003, Petitioner Darrell L. Farmer was convicted in the District Court of Montgomery County, Kansas of first-degree felony murder, criminal discharge of a firearm at an occupied vehicle, aggravated burglary, aggravated battery, and aggravated assault.[1] He is serving life in prison without the possibility of parole for 20 years for felony murder, to run concurrently with lesser sentences for each of his remaining crimes, and is presently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas.

Before the Court is Farmer's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 seeking post-conviction relief on two grounds (Doc. 1). First, Farmer argues that the State failed to establish each element of criminal discharge of a firearm at an occupied vehicle, which is the

---

[1] *State v. Farmer*, Case No. 02-CR-283, Montgomery County District Court.

felony offense underlying his conviction for felony murder.  Second, he asserts that he should have been permitted to present evidence to the jury that he was incapable of forming the intent necessary to commit the crimes of criminal discharge of a firearm at an occupied vehicle, aggravated burglary, and aggravated battery due to the level of phencyclidine ("PCP") in his system at the time.  Having reviewed the record, the Court denies Farmer's Petition for a writ of habeas corpus.

## I.       Factual and Procedural Background

The relevant facts of Farmer's underlying case, as summarized by the Kansas Supreme Court on direct appeal, are as follows:[2]

> The events that led to the convictions in this case occurred on July 13, 2002, starting with DeAundrey Neal driving to Farmer's apartment complex in Coffeyville, Kansas, and honking his car's horn.  Farmer, who was walking to the northeast between the apartment buildings, returned to the parking area and spoke with Neal through the passenger-side window of Neal's vehicle.  A witness saw Farmer walk from the passenger-side window around to the driver's side of Neal's vehicle, pull a gun from his pocket, and put his arm inside the vehicle.  The witness then heard several shots. Neal sustained six gunshot wounds: three gunshots to the head, one shot to his neck, one shot in his clavicle, and one shot in his arm. He died at the scene.
>
> After killing Neal, Farmer . . . walked about a block to Levi Hayes' house to collect money that Hayes owed him.
>
> Without knocking, Farmer kicked Hayes' front door open and burst into the house.  Once inside, Farmer screamed at Hayes, who had been asleep on the couch, then began beating Hayes with the gun he had used to shoot Neal.  When Hayes' wife, Betty Hayes, attempted to stop Farmer from beating Hayes, Farmer grabbed Betty, pointed the gun at her head, and threatened to kill her. . . .

---

[2] Absent clear and convincing evidence to the contrary, a federal habeas court must presume that the state courts' factual findings are correct.  *Harmon v. Sharp*, 936 F.3d 1044, 1050 (10th Cir. 2019) (citing 28 U.S.C. § 2254(e)(1); *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007)).  Because Farmer has presented no clear and convincing evidence to persuade the Court to presume differently, the Court accepts as true for this Petition the Kansas Supreme Court's summary of the facts of Farmer's underlying case.

> Eventually, Hayes took the gun from Farmer.  Farmer then left the house. . . .  Later, ballistics testing of the gun Hayes took from Farmer confirmed that the gun had been used to shoot Neal.
>
> . . .
>
> Coffeyville police interviewed Farmer immediately after his arrest. . . .  Farmer denied that he had consumed drugs or alcohol, then stated he had no knowledge of Neal being shot.  When Farmer was booked into jail, Coffeyville police found in Farmer's pocket a live round of ammunition matching that used to shoot Neal and a bottle of phencyclidine (PCP).
>
> . . .
>
> After the detectives had encouraged Farmer to tell the truth, Farmer admitted to the officers that he shot Neal. . . .
>
> Farmer said he had consumed alcohol and smoked a marijuana joint dipped in PCP prior to the shootings.  The detectives obtained samples of Farmer's blood and urine for testing, which showed that Farmer had PCP and marijuana in his urine, but only marijuana in his blood when he had confessed to killing Neal.[3]

After a jury trial, Farmer was convicted of all charges and, on November 5, 2003, sentenced to serve life in prison for felony murder, based on the underlying felony of criminal discharge of a firearm at an occupied vehicle; 228 months for criminal discharge of a firearm at an occupied vehicle; 34 months for aggravated burglary; 13 months for aggravated battery; and 13 months for aggravated assault.  All sentences were ordered to run consecutively.[4]

On direct appeal to the Kansas Supreme Court, Farmer argued, as relevant here, that the evidence at trial was insufficient to support his conviction for criminal discharge of a firearm at an occupied vehicle, and that both that conviction and his felony-murder conviction therefore

---

[3] *State v. Farmer*, 285 Kan. 541, 175 P.3d 221, 224-25 (2008) ("*Farmer I*").

[4] *Id.* at 225.  The statutes under which Farmer was charged and convicted—K.S.A. § 21-3401 (first-degree felony murder), K.S.A. § 21-4219(b) (criminal discharge of a firearm at an occupied vehicle), K.S.A. § 21-3716 (aggravated burglary), K.S.A. § 21-3414(a)(1)(B) (aggravated battery), and K.S.A. § 21-3410(a) (aggravated assault)—were repealed by Laws 2010, ch. 136, § 307, effective July 1, 2011.

could not stand.[5]  The Kansas Supreme Court affirmed Farmer's convictions on February 1, 2008.[6]

In August 2008, Farmer filed a petition for writ of habeas corpus in this Court, which was

dismissed without prejudice in February 2009.[7]

On January 28, 2009, Farmer filed a motion for post-conviction relief under K.S.A.   §

60-1507 (state law habeas corpus) in the District Court of Montgomery County.[8]  The district court

denied relief under § 60-1507 on July 17, 2012.  Farmer then appealed to the Kansas Court of

Appeals ("KCOA") arguing, in part, that his trial counsel was ineffective for pursuing a voluntary

rather than involuntary intoxication defense.[9]  On June 20, 2014, the KCOA affirmed in part and

reversed in part the district court's denial of post-conviction relief, finding that "Farmer may have

been legally entitled to an involuntary intoxication defense and jury instruction."[10]  The KCOA

remanded to the district court for an evidentiary hearing on why trial counsel did not pursue an

involuntary intoxication defense.[11]

On December 16, 2014, the Montgomery County District Court held an evidentiary

hearing and determined that Farmer was not entitled to relief on his claim of ineffective assistance

---

[5] *Farmer I*, 175 P.2d at 223.

[6] *Id*. at 227, 231.

[7] *Farmer v. Cline*, Case No. 08-3210-KHV-JPO (D. Kan. 2008).

[8] *Farmer v. State*, Case No. 09-CV-20, Montgomery County District Court.

[9] *Farmer v. State*, 2014 WL 2871314, at *4 (Kan. Ct. App. 2014) ("*Farmer II*").

[10] *Id.* at *5.

[11] *Id*. at *6, 8.

of counsel.  Farmer again appealed to the KCOA, which on August 4, 2017, affirmed the denial of state-law habeas corpus relief under § 60-1507.[12]

Farmer next filed a *pro se* motion to correct his sentence in the District Court of Montgomery County.   In 2018, that court resentenced Farmer to life in prison without the possibility of parole for 20 years for felony murder; 94 months for criminal discharge of a firearm; 32 months for aggravated burglary; 12 months for aggravated battery; and 12 months for aggravated assault.[13]   The district court granted Farmer's request that his sentences run concurrently rather than consecutively but denied his request for a departure sentence.[14]  Farmer again appealed to the Kansas Supreme Court.[15]

Farmer's state-court sentencing matter was pending on appeal when he filed the instant federal habeas corpus Petition in this Court on March 26, 2020.  On April 23, 2020, the Court ordered Farmer to show cause why his Petition should not be dismissed without prejudice to refiling after the resolution of his state criminal-sentencing matter.  Following Farmer's response, the Court found that he had shown good cause why his Petition should not be dismissed, and instead stayed the matter pending a ruling from the Kansas Supreme Court.

The Kansas Supreme Court affirmed the district court's sentencing decision on February 5, 2021,[16] shortly after which this Court lifted the stay of Farmer's federal habeas case.

---

[12] *Farmer v. State*, 2017 WL 3327142, at \*3-6 (Kan. Ct. App. 2017) ("*Farmer III*").

[13] *State v. Farmer*, 312 Kan. 761, 480 P.3d 155, 156 (2021) ("*Farmer IV*") (discussing resentencing in *State v. Farmer*, Case No. 02-CR-283, Montgomery County District Court).

[14] *Id.*

[15] *Id.*

[16] *Farmer IV*, 480 P.3d at 156-58.

The Court ordered Respondent to file an answer and return showing cause why Farmer's writ should not be granted, and stated that Farmer would have 30 days after his receipt of Respondent's answer to file a return and traverse thereto.  Respondent filed an Answer and Return on May 13, 2021.  Farmer filed no traverse and return, and the deadline for doing so has passed.

## II.     Legal Standard

The Court's consideration of a state prisoner's collateral attacks on state criminal proceedings is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which "requires federal courts to give significant deference to state court decisions."[17]  The Court can only grant relief on a petitioner's claim that has been decided on the merits in state court if the state decision: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[18]

A state court decision is contrary to Supreme Court precedent when: (1) "the state court applies a rule that contradicts the governing law set forth in [the United States Supreme Court's] cases" or (2) "the state court confronts a set of facts that are materially indistinguishable from a decision of [the United States Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent."[19]  A state court's decision is an unreasonable application of Supreme Court precedent "if the state court identifies the correct governing legal principle from [the

---

[17] *Lockett v. Trammel*, 711 F.3d 1218, 1230 (10th Cir. 2013) (citing *Hooks v. Workman*, 689 F.3d 1148, 1162 (10th Cir. 2012)).

[18] 28 U.S.C. § 2254(d)(1)-(2); *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).

[19] *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[20]  Thus, this Court may not issue a writ of habeas corpus simply because it "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."[21]

### III.    Analysis

#### A.    Sufficiency of the Evidence Supporting Farmer's Conviction for Criminal Discharge of a Firearm at an Occupied Vehicle

Farmer challenges the sufficiency of the evidence to support his conviction for criminal discharge of a firearm at an occupied vehicle, arguing that "[t]he State failed to establish each element of the charge."  The gist of his argument, however, appears to be that the Kansas Supreme Court erred in applying Kansas law rather than that the evidence was insufficient to convict him of the charge as interpreted by that court.  To the extent that Farmer asks the Court to reexamine or contradict the Kansas Supreme Court's interpretation of Kansas law, this the Court cannot do.

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."[22]  "[S]tate law determines the parameters of the offense and its elements," and a federal habeas court may not "reexamine state-court determinations on state-law questions."[23]  Rather, "a state court's interpretation of state

---

[20] *Williams*, 529 U.S. at 413.

[21] *Id.* at 411.

[22] *Hawes v. Pacheco*, 7 F.4th 1252, 1263 (10th Cir. 2021) (quoting *Estelle v. McGuire*, 502 U.S. 62, 68 (1991)).

[23] *Id.* at 1264 (alteration in original) (quoting *Tillman v. Cook*, 215 F.3d 1116, 1131-32 (10th Cir. 2000); *Estelle*, 502 U.S. at 67-68).

law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."[24]  Thus, if Farmer is arguing that the state court "erroneously interpreted and applied state law, that does not warrant habeas relief[.]"[25]

The Kansas statute under which Farmer was convicted included, at that time, the following two elements: "1. That the defendant maliciously and intentionally, without authorization, discharged a firearm at an occupied vehicle; [and] 2. That the act resulted in great bodily harm to a person."[26]  Farmer argues that because the evidence showed that he shot *at* Neal, rather than *at* the vehicle in which Neal was sitting, the evidence was insufficient to prove the foregoing elements.  Thus, he contends, neither his conviction for criminal discharge of a firearm at an occupied vehicle nor his felony-murder conviction can stand.

Farmer made the same arguments on direct appeal to the Kansas Supreme Court, which squarely addressed and rejected his position, finding:

> [T]he statute prohibits 'the wanton and willful act [of discharging a firearm into an occupied building or vehicle] itself *without regard to the state of mind of the shooter* . . . .'  The statute was designed to cover situations where there are difficulties in proving the shooter's intent. According to Farmer's, and the dissent's, interpretation of the criminal discharge statute, there *cannot be any* evidence of intent to shoot at anything other than the occupied vehicle or building itself. In other words, there must be a complete absence of intent to hit an occupant of an occupied building or vehicle for the statute to apply. Such a construction eviscerates the criminal discharge statute by putting the focus right back on the shooter's intent, thus making it unavailable in the very situations it was designed to cover— situations where proof of intent to injure or kill is problematic.

---

[24] *Id.* (quoting *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam)); *see Porter v. Allbaugh*, 672 F. App'x 851, 858 (10th Cir. 2016) (stating that federal habeas court "*must* 'accept the [state] court's construction of that State's statutes'" (alteration in original) (citations omitted)).

[25] *Hawes*, 7 F.4th at 1264 (alteration in original) (citation omitted).

[26] *Farmer I*, 175 P.3d at 226-27 (alteration in original) (quotation marks omitted) (quoting PIK Crim.3d 64.02-A-1) (citing *State v. Conway*, 284 Kan. 37, 159 P.3d 917, 928-29 (2007)).

> [T]he issue before us is whether the evidence was sufficient to prove
> the offense of criminal discharge of a firearm at an occupied vehicle.
> The fact that the evidence may have supported different charges is
> irrelevant to this issue.[27]

Thus, the Kansas Supreme Court held on direct appeal in Farmer's case that the criminal

discharge statute at issue did not require the absence of evidence of intent to shoot at the

occupant of the vehicle in question, a holding that it has since reiterated multiple times.[28]

Farmer points to no clearly established United States Supreme Court precedent that

undermines the state court's decision. Rather, in the section of his Petition where he is to assert

facts to support his insufficiency-of-the-evidence ground for relief, Farmer merely quotes at

length the dissenting opinion from his direct appeal to the Kansas Supreme Court, which would

have reversed his convictions due to misapplication of the criminal discharge statute. Having

filed no traverse, Farmer offers no additional facts or argument beyond his near-verbatim

recitation of the dissenting opinion. Accordingly, the Court declines to review Farmer's claim to

the extent that it deals solely with an issue of state law for which federal habeas corpus law does

not provide relief.

To the extent that Farmer may be arguing that the evidence adduced at trial was actually

insufficient to convict him of criminal discharge of a firearm at an occupied vehicle—as that

---

[27] *Id.* at 226 (citations omitted).

[28] *Id.* at 225-26; *see State v. Levy*, 313 Kan. 232, 485 P.3d 605, 609 (2021) ("In Kansas, the crime of criminal discharge does not require a specific intent to shoot 'at a motor vehicle' as opposed to at some other target."); *State v. Pattillo*, 311 Kan. 995, 469 P.3d 1250, 1260-61 (2020) (discussing *Farmer* and finding evidence sufficient for a reasonable jury to find the defendant guilty of criminal discharge of a firearm at an occupied dwelling "even if the shooting was motivated by an intent to kill a specific person"); *State v. Llamas*, 298 Kan. 246, 311 P.3d 399, 406 (2013) (noting prior rejection of the "theory that evidence of [a] shooter's intent to shoot [the] *victim* meant there was insufficient evidence of crime of criminal discharge of a weapon *at an occupied vehicle*" (citing *Farmer*, 175 P.3d at 225-26)).

offense has been interpreted by the Kansas Supreme Court—he has not established any basis for relief. "Sufficiency of the evidence . . . is a mixed question of law and fact," and courts therefore apply both § 2254(d)(1) and (d)(2) by asking "whether the facts are correct and whether the law was properly applied to the facts."[29] Under the United States Supreme Court's pre-AEDPA decision in *Jackson v. Virginia*, the proper inquiry when considering the sufficiency of the evidence "is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[30] However, "[i]n federal habeas proceedings, where a sufficiency challenge was resolved on the merits by the state courts, . . . [the] AEDPA 'adds an additional degree of deference,' and the question becomes whether 'the [state court's] conclusion that the evidence was sufficient constituted an unreasonable application of the *Jackson* standard."[31]

The AEDPA limits this Court's review to "the highest state court's resolution of a particular claim," meaning that the Court must "ask whether the [Kansas Supreme Court] correctly identified the governing legal principle from *Jackson* and reasonably applied it to the facts of [Farmer's] case."[32] On habeas review, this Court must defer to the state court's determination of factual issues under § 2254(e) and may not assess witness credibility or weigh

---

[29] *Brown v. Sirmons*, 515 F.3d 1072, 1089 (10th Cir. 2008) (citing *Maynard v. Boone*, 468 F.3d 665, 673 (10th Cir. 2006)).

[30] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see Hooks*, 689 F.3d at 1165-66 (quoting *Jackson*, 443 U.S. at 319).

[31] *Hooks*, 689 F.3d at 1166 (quoting *Diestel v. Hines*, 506 F.3d 1249, 1267 (10th Cir. 2007)) (citing *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (per curiam)).

[32] *Id.* at 1167 (quoting *Alverson v. Workman*, 595 F.3d 1142, 1155 (10th Cir. 2010)) (citing *Matthews v. Workman*, 577 F.3d 1175, 1183 (10th Cir. 2009)).

conflicting evidence.[33]  Rather, the Court must presume "that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."[34]  The Tenth Circuit describes this very limited standard of review as "deference squared."[35]

The Kansas Supreme Court correctly articulated the standard of review—"whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt."[36]  The court also set forth the following facts that were undisputed on Farmer's direct appeal: (1) Farmer was standing outside Neal's vehicle and firing a gun; (2) bullets from that gun were fired into the occupied vehicle; (3) the bullets Farmer fired caused great bodily harm to Neal; (4) even if Farmer's hand may have been inside Neal's vehicle when Farmer started shooting, Farmer admitted that he backed away from the vehicle as he continued shooting; (5) two shell casings were found on the ground outside Neal's vehicle, about ten feet away from the car's rear axle; and (6) although stippling on one of Neal's wound showed that one shot was fired at a range of less than one foot, the lack of stippling on the other wounds showed that the remaining five shots were fired from a distance of one and a half to three feet or more.[37]  The court found that viewing this evidence in the light most favorable to the

---

[33] *Brown*, 515 F.3d at 1089 (citing *Maynard*, 468 F.3d at 673); *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993) (citation omitted).

[34] *Jackson*, 443 U.S. at 326.

[35] *Hooks*, 689 F.3d at 1166 (quoting *Young v. Sirmons*, 486 F.3d 655, 666 n.3 (10th Cir. 2007)).

[36] *Farmer I*, 175 P.3d at 225 (citing *State v. Hanson*, 277 Kan. 855, 89 P.3d 544, 546 (2004)).

[37] *Id.* at 227.

prosecution, a rational factfinder could have found Farmer guilty beyond a reasonable doubt of criminal discharge of a firearm at an occupied vehicle.[38]

This Court cannot find that the Kansas Supreme Court's conclusion to be an unreasonable application of the *Jackson* standard, nor has Farmer put forth facts or argument to suggest otherwise.  The Court denies relief on this claim.

**B.    Farmer's Claim that He Was Incapable of Forming Intent Due to the Level of His PCP Intoxication**

The second ground on which Farmer seeks relief is that he was "incapable of forming intent due to the 18.5% of PCP in his system."  As Farmer notes, his trial counsel pursued a voluntary intoxication defense; the Montgomery County District Court later found in state habeas proceedings that counsel was not ineffective for doing so, and the KCOA affirmed.[39]  Now Farmer contends:

> The issue at hand should not have been what defense petitioners [sic] attorney's [sic] presented at trail [sic]; voluntary or Involuntary; It should have been what effect 18.5% of PCP ingestion has on a person.  The state presented expert testimony on how 10% PCP ingestion will make a person over-react.  The jury never heard that petitioner had 18.5% PCP in his system when he was tested.  Petitioner should have been given the opportunity to present expert testimony to the jury explaining what the effects [of] 18.5% PCP ingestion has on a person.

Respondent argues that Farmer has procedurally defaulted this claim, and the Court agrees.

"In order to obtain federal habeas corpus relief, a state prisoner must first exhaust the remedies available in the state courts."[40]  Thus, "[a] threshold question that must be addressed in

---

[38] *Id.*

[39] *Farmer III,* 2017 WL 3327142, at *3-6.

[40] *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999) (citing *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994)).

every habeas case is that of exhaustion."[41]  The exhaustion requirement is satisfied if the "substance" of the federal claim has been presented to the state's highest court, either on direct appeal or collateral attack.[42]

Additionally, the procedural default doctrine imposes another limit on review by a federal habeas corpus court.  Such courts "may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule."[43]

> "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance."[44]

Further, where a petitioner fails to present a claim in state court, and would now be procedurally barred from doing so, an "anticipatory procedural bar" prevents a federal habeas corpus court from hearing the claim.[45]  When anticipatory default applies, the petitioner's claims are "considered exhausted and procedurally defaulted for purposes of federal habeas relief."[46]

---

[41] *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994).

[42] *Williams v. Trammell*, 782 F.3d 1184, 1210 (10th Cir. 2015) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 278 (1971)); *Brown*, 185 F.3d at 1124 (citing *Dever*, 36 F.3d at 1534).

[43] *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (citing *Beard v. Kindler*, 558 U.S. 53, 55 (2009)).

[44] *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)).

[45] *Frost v. Pryor*, 749 F.3d 1212, 1231 (10th Cir. 2014) (quoting *Moore v. Schoeman*, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002)); *see also Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) (citation omitted).

[46] *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman*, 501 U.S. at 735 n.1) (citing *Medlock v. Ward*, 200 F.3d 1314, 1322-23 (10th Cir. 2000)); *see Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006) ("In habeas, state-court remedies are described as having been 'exhausted' when they are no longer available, regardless of the reason for their unavailability (citation omitted)).

Procedurally defaulted claims cannot be considered in federal habeas corpus unless the petitioner can demonstrate: (1) cause to excuse the default and actual prejudice from the alleged violation of federal law; or (2) that failure of the federal court to hear the claim would result in a fundamental miscarriage of justice.[47]  To show cause to excuse the default, the petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."[48]  To show that the federal habeas corpus court's failure to hear the claim would result in a fundamental miscarriage of justice, the petitioner "must make a colorable showing of factual innocence,"[49] meaning that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'"[50]

Respondent argues that Farmer never raised in state court that he should have been permitted to present expert testimony regarding the effect that a PCP level of 18.5% may have on an individual.  Farmer neither asserts otherwise in his Petition nor responds to Respondent's argument.  This Court has confirmed through its review of the record that Farmer failed to raise this issue in either his direct appeal to the Kansas Supreme Court or in his collateral attack on his convictions through state habeas proceedings.[51]

---

[47] *Coleman*, 501 U.S. at 750-51.

[48] *Davila*, 137 S. Ct. at 2065 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)); *see Maples v. Thomas*, 565 U.S. 266, 280 (2012) (citations omitted).

[49] *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000) (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)); *see Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995) ("The inquiry must focus on actual or factual innocence, as opposed to legal innocence." (quoting *Brecheen v. Reynolds*, 41 F.3d 1343, 1357 (10th Cir. 1994))).

[50] *House v. Bell*, 547 U.S. 518, 537 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

[51] *See Farmer III*, 2017 WL 3327142, at *6 ("The jurors heard all of the relevant evidence on Farmer's intoxication.  He does not now claim there was additional or better evidence that should have been presented.").

If Farmer were to raise this claim in a second state habeas proceeding, his petition would be untimely under K.S.A. § 60-1507(f), which requires an action to be "brought within one year of . . . [t]he final order of the last appellate court in [Kansas] to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction"—a limitation that may be extended only to prevent "manifest injustice."[52]  His petition would also "run afoul of Kansas Supreme Court Rule 183(c), which dictates that a post-conviction challenge cannot be used to redress trial errors not raised on direct appeal unless 'there were exceptional circumstances excusing the failure.'"[53] Further, the state "sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner"[54] absent "exceptional circumstances."[55]  "This rule extends to issues that were raised *or could have been raised* in a prior K.S.A. 60-1507 motion."[56]

Thus, Farmer's second ground for relief is barred by anticipatory default unless he can satisfy either the cause-and-prejudice or actual-innocence exception.[57]  Farmer makes no effort to do so—his Petition fails to mention any external factor that prevented him from raising this claim earlier, makes no showing of actual prejudice, and offers no facts or argument to meet the

---

[52] K.S.A. § 60-1507(f)(1)-(2).

[53] *Livingston v. Kansas*, 407 F. App'x 267, 271-72 (10th Cir. 2010) (citing *State v. Mitchell*, 234 Kan. 185, 672 P.2d 1, 9 (1983)).

[54] K.S.A. § 60-1507(c).

[55] *Kansas v. Labrum*, 2016 WL 5344099, at *4 (Kan. Ct. App. 2016) (citations omitted).

[56] *Id.*; *see also* Kan. S. Ct. R. 183(d).

[57] Even if Farmer were to assert that he could still attempt to show exceptional circumstances or the need to prevent manifest injustice in a successive § 60-1507 state-court petition, the Tenth Circuit has applied anticipatory default in similar cases where the claim would be time barred in state court.  *See, e.g.*, *Brown v. Lengerich*, 680 F. App'x 761, 766 (10th Cir. 2017); *Wallin v. Miller*, 661 F. App'x 526, 534 (10th Cir. 2016); *Frost*, 749 F.3d at 1231; *Griffin v. Scnurr*, 640 F. App'x 710, 719 (10th Cir. 2016); *Hain v. Gibson*, 287 F.3d 1224, 1240 (10th Cir. 2002).

demanding burden of showing that it would be a miscarriage of justice to deny review on the merits or, in other words, a colorable showing of actual innocence. Thus, the second ground on which Farmer seeks relief is barred by anticipatory default.

For the reasons stated above, the Court denies Farmer's petition for writ of habeas corpus under § 2254. Farmer fails to demonstrate that the Kansas state-court proceedings involved constitutional errors that undermine his conviction and sentence or resulted in decisions based on unreasonable determinations of the facts in light of the evidence presented. Further, this Court is precluded from reviewing Farmer's second ground for relief due to anticipatory default. Farmer fails to demonstrate grounds for habeas corpus relief under § 2254.

## IV.    Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Without such a certificate, a petitioner may not appeal the denial of his or her habeas petition. But "[i]f the court denies a certificate, the [petitioner] may . . . seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."[58]

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court "indicates which specific issue or issues satisfy [that] showing."[59] A petitioner can satisfy this standard by demonstrating that "reasonable jurists would find the district court's assessment of the

---

[58] Rules Governing Section 2254 Cases, Rule 11(a).

[59] 28 U.S.C. § 2253(c)(2)-(3).

constitutional claims debatable or wrong," or that the issues presented in the petition are "adequate to deserve encouragement to proceed further."[60]

Here, the Court concludes that it should not issue a certificate of appealability. Nothing suggests that the Court's rulings in this case are debatable or incorrect, and no record authority suggests that the Tenth Circuit would resolve this case differently. The Court thus declines to issue a certificate of appealability. In doing so, the Court notes that Farmer may not appeal its denial of a certificate, but he may seek a certificate of appealability from the Tenth Circuit.[61]

**IT IS THEREFORE ORDERED** that that Petitioner Darrell L. Farmer's Petition for Writ Of Habeas Corpus (Doc. 1) is **DENIED.**

**IT IS SO ORDERED**.

Dated this 27th day of January, 2022.


ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[60] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

[61] *See* Rules Governing Section 2254 Cases, Rule 11(a).